# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAQUANA C. BEVERLY,

                Plaintiff,

v.

CARRIE LUDWIG and MILWAUKEE
BOARD OF SCHOOL DIRECTORS,

                Defendants.

Case No. 23-CV-182-JPS

**ORDER**

      On February 9, 2023, Plaintiff Laquana C. Beverly ("Plaintiff"), proceeding pro se, filed this action, ostensibly alleging federal employment discrimination claims. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee, ECF No. 3. This Order screens Plaintiff's complaint. For the reasons stated below, the Court will dismiss this action without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepaying the filing fee.

      The court may screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 Fed. Appx. 356, 357 (7th Cir. 2008). When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* In addition to the Court's duty to screen pro se complaints, the Court also must ensure it has subject

matter jurisdiction over a complaint, meaning that the complaint must either state a federal claim or articulate facts demonstrating diversity jurisdiction; where the Court does not have subject matter jurisdiction, it should dismiss the case without prejudice. *Foliety v. Cervantes*, 861 F. Supp. 63, 64 (E.D. Wis. 1994) (dismissing pro se complaint for lack of subject matter jurisdiction after noting that courts may independently raise this issue).

The Court begins by briefly recounting Plaintiff's allegations, accepting them all as true and construing them generously in her favor for purposes of screening. *See Jones v. Litscher*, No. 17-CV-695-WMC, 2019 WL 2103060, at *1 (W.D. Wis. May 14, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). On May 25, 2022 and potentially while in the course of her employment with Milwaukee Public Schools,[1] Plaintiff was moving portable stages that weighed 300 pounds each. ECF No. 1 at 4. One of these stages fell on Plaintiff, crushed her face and leg, and knocked her unconscious. *Id.* When Plaintiff regained consciousness, her manager, Defendant Carrie Ludwig, had been called; Plaintiff alleges, however, that Ludwig failed to file an incident report as required.[2] *Id.* Instead, Ludwig "informed [P]laintiff to file workmans comp and get herself to the emergency room." *Id.* Plaintiff drove herself to the emergency room, with

---

[1] Documents attached to Plaintiff's complaint indicate her employment with Milwaukee Public Schools ended May 8, 2022—i.e., before the incident that is the subject of her complaint. ECF No. 1-2 at 14–15. *See McDonald v. Brown*, No. 03 C 4568, 2004 WL 2106604, at *2 (N.D. Ill. Sept. 17, 2004) ("[F]or a *pro se* plaintiff the court considers the allegations contained in all documents filed with the court.").

[2] Plaintiff states that "the manager didn't file any paperwork to ensure her rights were protected for her claim of workman's compensation." ECF No. 1-2 at 16.

an injured leg and injured eye; none of her peers or any administrator called an ambulance on her behalf. *See* ECF No. 1-2 at 11.

Plaintiff's theory is that Defendants "[c]overed up an egregious [a]ct that nearly caused imminent death" and "fail[ed] to comply with the rule of law to respond within a timel[y] fashion." ECF No. 1 at 3. She also argues that Defendants are "in default due to their untimely []response 6 months later." *Id.* She states that these events violated her constitutional rights "to equality," "to freedom," against "exploitation," "to freedom of religion, cultural, and educational rights," "to property," and "to constitutional remedies," pursuant to the Fourteenth Amendment. *Id.* For relief, she seeks "$750,000 in compensatory damages for mental anguish and trauma of [the] near fatal incident." *Id.* at 4.

As indicated by documents attached to Plaintiff's filing, Plaintiff filed a complaint of race discrimination based on these same facts with the Wisconsin Equal Rights Division ("ERD") on June 15, 2022. ECF No. 1-2 at 14–16. On January 19, 2023, the ERD wrote back to Plaintiff, indicating the complaint did not adequately allege race discrimination, giving Plaintiff 30 days in which to cure this deficiency, and warning Plaintiff her complaint would be dismissed if she did not file a new complaint within that time. *Id.* at 13. It also appears Plaintiff filed a notice of claim with the State of Wisconsin, pursuant to Wis. Stat. § 893.82, which the State denied on June 27, 2022. *Id.* at 9.

Plaintiff's complaint seems to be styled as an employment discrimination claim under federal law, but is devoid of factual allegations as to what actions Defendants took that were discriminatory on the basis of Plaintiff's status as a member of a protected class. Although the Court does not doubt that the events causing Plaintiff's injuries were shocking, painful,

and even traumatic, the bare fact that these events occurred to Plaintiff, who happens to be Black, does not support an inference that the accident or Defendants' response to it were motivated by racial animus. *See Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (discussing the causation element of a race discrimination claim). Without an adequately pled federal cause of action,[3] this Court cannot say it has met its ongoing obligation to ensure it has subject matter jurisdiction over Plaintiff's complaint.

Even construing Plaintiff's complaint as a broader substantive due process challenge to Defendants' actions, it is not clear what "state-created property interest" she had in either continued employment (assuming she was still employed by Milwaukee Public Schools at the time of this incident, which is in doubt, *see supra* note 1) or in Ludwig properly filing an incident report or in getting any particular response to the incident from Defendants. *See Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019) (noting that a substantive due process claim related to employment rights requires the plaintiff to "allege that the defendants deprived him of a state-created property interest by arbitrary and irrational conduct and that the defendants either committed a separate constitutional violation or state law remedies are inadequate").

Although normally under these circumstances the Court would permit Plaintiff to amend her complaint to attempt to allege a federal cause of action, there are additional barriers to the Court's retention of jurisdiction over this case. First, Plaintiff's complaint, at its heart, appears to be a claim that she was injured at work, and now wishes to recover monetarily for

---

[3] Plaintiff's complaint cannot proceed on diversity jurisdiction because—although she alleges an amount of damages sufficient to meet the amount-in-controversy requirement—she also admits that she and Defendants are all citizens of the State of Wisconsin. *See* ECF No. 1 at 2–3; *see also* ECF No. 1-1.

those injuries. Her remedy—as Defendant Ludwig pointed out at the time of the incident—is most likely through the Wisconsin worker's compensation system. *See Brown v. Pick 'N Save Food Stores*, 138 F. Supp. 2d 1133, 1139 (E.D. Wis 2001) (discussing exclusivity of workers compensation remedy). Alternatively, even if Plaintiff's complaint is appropriately brought as a race discrimination claim, her pending state proceedings before the ERD bar this Court from interfering in those proceedings, at the very least until they conclude. *See Ohio C.R. Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627–28 (1986) (applying *Younger* abstention to preclude federal courts from hearing constitutional claims where a state administrative proceeding that concerns discrimination claims arising from the same facts is ongoing). Additionally, if she is to proceed on a federal race-discrimination claim pursuant to Title VII, she has failed to demonstrate that she exhausted her administrative remedies such that this Court may hear the action. *See* 42 U.S.C. § 2000e-5 (requiring a plaintiff seeking to proceed under Title VII to file a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the day of the alleged discrimination).

Given the rather confused, and confusing, nature of Plaintiff's complaint as well as the thicket of alternative remedies and state-law interests it implicates, all of which calls into question the propriety of this Court's involvement at this juncture, the Court will dismiss this action without prejudice. Plaintiff may, at a later time, file a new action arising from these same facts if she does not find redress through any of the above-identified processes (or demonstrates she availed herself of these processes) and if she remedies the above-identified pleading deficiencies in her complaint.

Alongside her complaint, Plaintiff has submitted a request to proceed without prepaying the filing fee. ECF No. 3. A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

The Court need not determine whether Plaintiff is indigent, however, because the action will be dismissed as stated above. Consequently, the motion for leave to proceed without prepaying the filing fee will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.